Case No. 21-5148, Precinct Thorne et al. Appellants v. United States Department of Homeland Security Mr. Cleveland for the appellants, Mr. Silverman for the appellate Good morning Good morning May it please the court, I am David Cleveland, counsel for Ms. Gatore and others I'd like to reserve two minutes of my time for rebuttal A large number of asylum applicants are still waiting They have been treated unfairly Claims remain unaddressed Class action device will give them justice Otherwise, there's no remedy for them DHS will get away with it That might influence the behavior of DHS in the future The district court said it was not unsympathetic to this group A double negative But it shows the district court was aware of this group This group deserves a remedy Class actions protect people who are unaware of their rights Remember the Fair Credit Reporting Act Mr. Cleveland, the district court understood that the only aspect of the putative class claims that remained unresolved Was segregation and production of the portions of the class member assessments to refer that were not properly withheld under Exemption 5 And the district court concluded that that further action on the part of DHS would require individualized consideration What was erroneous about that? That's true for all class actions, Your Honor The question is, does commonality prevail? Is there typicality? DHS does not argue that and agrees that there's a lack of commonality, a lack of typicality In an asylum officer assessment, the only issue is, do we get three paragraphs or do we get seven paragraphs? That can be determined The asylum officer assessment starts off with paragraphs of facts So in 30 seconds I understand the factual circumstances I'm trying to figure out what is and isn't left of your claim And the district court concluded that you failed to meet representativeness Because once the named plaintiff's reasonably segregable portions had been released to them He thought that the named plaintiff's claims were no longer representative of the absent class members' claims Did you contest that? Did you appeal that determination? Your Honor, I would phrase it that the district court said because the named representatives were given their paragraphs They were no longer members of the class That's how I would phrase what the district court did That is erroneous And yes, we argued that was clearly erroneous The mere fact of mootness of the individual does not prevent that person from being class representative Well, it does in some situations Some, but at the time of the filing of the complaint All of the plaintiffs had valid claims The DHS agrees with me on page 34 of their brief That the class representative has two claims A claim for their own documents and a claim to be a class representative The history of this case includes 8 plus 2 plus 30 Page 34 of their brief? I don't see a page 34 Their brief is 20... I'm looking at the right case and the right brief It's 25 pages long? Well... There's different page numbers, I think Anyway, you can make your substantive point, go ahead 8 plus 2 plus 30 The court should keep in mind Eight plaintiffs step forward We want our paragraphs, we want a class action DHS gives the 8 paragraphs and then says Case is moot, go away Two more plaintiffs step forward Mr. Dramu and Ms. Mulangu What relief exactly is the class seeking? I understand there were several prayers for relief But one claim was a policy or practice claim Against the policy of DHS Which was if exemption 5 applies at all To an assessment or referral Then we don't look at it For segregability That was a policy or practice claim And I take it That you... That that was mooted by DHS changing its policy Do you disagree about that? No, I agree, DHS did change its policy as a result of the complaint And you're arguing that the change in policy Was sufficient to moot that claim Yes, we acquiesce that they shall They say that in the future they shall give Portions of paragraphs, we accept that And that meets the Supreme Court's and our court's Mootness standard in your view Yes I'm sorry, what? It's moot That renders that policy or practice claim moot So what you have left Is whether Asylum seekers Who filed FOIA claims And during the time period of the proposed class But were not the named plaintiffs Whether those People are entitled To relieve the case That's what's at issue in your view Correct The people who made FOIA requests from 2009 to December 2017 That group of people, they're unaware of their rights They don't know what's going on Now if there were a class certified Isn't it the law under Eisen versus Karla and Jacqueline That the plaintiffs would have to pay for notice? Well, perhaps the plaintiffs The district court says 26C says, or 23C They shall get such notice as is appropriate Right, and one of the things I read your brief to be saying Is that they're entitled to notice And that they shouldn't have to file new FOIA claims Indeed The question of what is appropriate notice Is best resolved by the district court There's different ways to get notice By email, by publication DHS has faced other class action lawsuits They make notices on their webpage Anyway, that's what we're seeking The class shall be certified And then we figure out what kind of notice to give to the class members And which portion of Rule 23B are you proceeding under here? B3 Not B2 Correct They have changed their policy But however, for the people that don't know about that 2009 to December 2017 That group of people, they're waiting for relief And the relief, again I mean, notice is typically part of a class proceeding It is not typically the relief And that's the only thing I identified in your appellate brief Is that you're seeking notice On behalf of the absent class, punitive class members Well, that's true And then each person who wants to can step forward And we'll figure out a remedy for those people How much work do they have to do to be identified? So what's the common question that remains? The common question If the question that they're entitled to reasonably segregable portions Under FOIA has been resolved The remaining common question is what? A point that has been conceded by DHS That during the time period 2009 to 2017 DHS did not even attempt to give any remedy to the class They did not attempt to segregate We're asking them to look at each one And do a segregable analysis What is the common question that the district court needs to As a legal or factual matter, resolve still? I don't see one Neither do I They conceded that the policy was unfair Now the question is remedy And how do we remedy the people who are still waiting? DHS proposes nothing for these people I think that's wrong I think that there should be a class should be certified So that they can be given notice Mr. Cleland, why is class certification necessary here? I mean, where DHS has already changed its policy So members of the class can simply file a FOIA request And get the relief that they are seeking If they're aware of their rights, I think they're not DHS doesn't claim that they are aware of their rights So presumably you could tell the members of the class That this policy has changed I'm not sure why you need a redressable I'm not sure how that harm is redressable by this court Maybe if the case goes to the district court That could be a way to settle the case DHS gives notice at some level And maybe that would go away But I think notice should be given to the class one way or the other And I think the best method is through the class action device So Mr. Cleland, you're referring to FOIA requesters who got a determination That was categorical and erroneous during the class period Or are you referring to people who have not received a determination? Those people who said, please give me my assessment And DHS gave them nothing And DHS responded, processed the request and said no Those are the ones Because if they haven't processed the request yet Then the FOIA request is still pending And presumably will proceed under the new policy, no? Well, I doubt that The class ends in December 2017 That's five years ago I hope that everything has been processed by now But certainly many have not Because they did not even attempt to process So they process them They just process them wrong in your view They issued a form letter that said go away We give you nothing So they think that that FOIA matter is closed And you're saying, well, no, it's within the class period It was under an unlawful policy And therefore, you know, it would have been correct To certify a class And those people would be entitled to a redo Without a new FOIA filing That's your contention Yes, I think that would be a good remedy That's the remedy you, in fact, are seeking Well, the class is certified A notice is given And then we figure out what is appropriate And after that You just to be clear You have not appealed the 20th The district court's denial of 23b2 class certification We did that We concede that is And so you want to proceed on your 23b3 In its 2018 order, Judge Walton Said he would not certify the class under 23b3 And that was an appealed So how can you appeal? How can you raise 23b3 now? Mr. K. I. Tsonga steps forward in 2018 He's a new plaintiff He was part of the motion 57 plaintiffs He was declared to be a plaintiff in October He was declared to be a plaintiff But the district court had already said that this was not He would not certify this under 23b3 Well, that's the court said that concerning the plaintiffs Who were there He had eight plaintiffs in front of him Mr. K. Tsonga is a new guy Did he file a new complaint? Because he filed an amended complaint in 2018 And he became known as a He became named as a plaintiff October 2020 He has forfeited nothing He filed a 23b3 motion He certainly should be the class action representative He has forfeited nothing What Mr. Cleveland What's your best case in support of your argument That plaintiffs who have individually received relief May nonetheless act as class representatives To obtain class certification And litigate class claims For individuals whose relief is distinct J.D. versus Azar J.D. was pregnant in custody Later, she becomes not pregnant She's out of custody And the court said she can represent her But there the question is It's the common legal question That case, in a sense, is in a different posture Because it was The government had not conceded That the policy that it was following With respect to all the detainees Was unlawful Whereas here, they did change the policy That's true So it makes the case easier From my point of view DHS is acquiescing And they're conceding So it makes it easier It makes it harder Because the commonality That justifies certifying a class Is, in Judge Walton's view Lacking here And you haven't exactly explained Why that's wrong The common question that The court needs to resolve The common question is That DHS treat the class unfairly By not even considering Giving them any portion of their assessment And that's the question And we also, we know the answer They admit they didn't The common question We don't need it Because it's conceded I think the question is What about this class of people That are waiting And what relief Shall be given to them I think this is the perfect case For a class action certification They shall be given notice When people are unaware of their rights Class action steps in Consider the Fair Credit Reporting Act That disabled children Seeking health insurance In the strip search of Nassau County When a large group of people Don't know what's going on They need protection from the court So they can be given notice Of their rights I would suggest that's appropriate In this case All right Does anyone All right, thank you very much Mr. Cleveland Good morning, your honors May it please the court Bradley Silverman For the control and security The district court's Denial of class certification Warrants of permits For at least three reasons One The only claim That is before this court The Rule 23B3 claim Was raised untimely Several years Two The plaintiffs Are not The named plaintiffs Are not in fact Members of the class That they are seeking to certify And three The plaintiffs have failed To demonstrate compliance With Rule 23B3's superiority I'm going to start I'm going to start With the first issue Because in a way Let me just ask you As a matter of Sort of background And context Why is it that the department Doesn't routinely give Statements To asylum applicants You know Why don't they routinely Disclose the reasonably Segregable information Without any FOIA request I read your briefs And I appreciate that There's a lot of FOIA processing burden On DHS But it seems that In other kinds of legal proceedings The government routinely Just provides a party Opposing party Its own statements And you know If that happened Wouldn't that substantially Cut down the FOIA burden It's very peculiar That this provision of information In an asylum proceeding Doesn't happen in that proceeding Your Honor I could only speculate It could be a matter Of administrative convenience It could be a matter Of this containing At least some Conceivably deliberative material But I actually I do not have an answer To that particular question I would just be Speculating Mr. Cleveland When he was up here Acknowledged That the B-2 claim Is no longer For this court He doesn't raise it on appeal But that is the only basis For class certification That the plaintiffs raised The district court Was not concerned about B-3 being materially Different from B-2 So you know It seems odd That we would That we would reverse On that ground That this is somehow There's a lack of notice That B-3 Was going to be the avenue I mean I appreciate Your argument on timeliness But I have a question about The mootness Does the department Take the position That the policy That it was following before Failing to segregate The segregable portions Where exemption five Was asserted That that's contrary to FOIA Is that the department's view? We take no position on that We did change the policy And it's not before The court right now We do not take the position That it was unlawful What did happen was There were a number of lawsuits Seeking assessments That were not provided Pursuant to this policy DHS changed its policy In response to litigation But we do not But there wasn't a court holding Was it the Bayala Bayada case That's mentioned In the Eggleston declaration There wasn't a holding in that case That the policy Was unlawful And so I guess What I'm interested in Is whether the district court Was correct In essentially failing To hold the department To its burden To show that its voluntary Cessation actually mooted The policy Or practice claim I mean how can we conclude That DHS is committed To the new policy It's a heavy burden The burden's on you Well under this court's decision In forum A declaration by an agency official With sufficient responsibility And for lack of a word Credibility to make that To make that attestation That the agency Has backed away from its previous policy It's implemented a new policy Will be taken In good faith Here the Eggleston declaration We believe provides that assurance And neither of the parties Don't dispute it Mr. Cleveland does not argue That the new policy Yeah but important Part of the reason I'm asking you These questions is It's significant To our court In PORRA Was that counsel At argument Confirmed That the policy was understood By the CIA In that case to be Mandatory on the agency By operation of The FOIA statute And I thought you just told me That that is not DHS position here So it would seem to me That PORRA actually Cuts the other way for you We do not take the position That the previous policy Was unlawful under FOIA What I can say Is that I have spoken With the agency And they are firmly committed To not reverting To the previous policy To implementing this policy They are not going to back away from it How do we know that though? You haven't taken the position That the agency feels bound By FOIA Which is something we relied on In PORRA So where is the evidence Of DHS's commitment To the policy going forward? I see the Eggleston Declaration But they refer to the guidance In the USCIS FOIA processing guide And we don't have The FOIA processing guide In the record We don't have This is not like The Alaska case Where there was notice And comment rulemaking And in fact in Alaska We have a footnote saying We wouldn't necessarily hold Voluntary cessation To sufficiently moot If it were the kind of policy That the agency could just change With the stroke of a pen And that seems like That's exactly The kind of policy We have here That the agency Could just change it By the stroke of a pen Honor DHS is giving this court Its word That it is not going to revert To the previous policy Whether DHS could Or could not Is not important to DHS In making that statement Do you purport To bind DHS For all time forward All time forward I do not know If I have the authority To bind them Do you have the ability Do you have the authority To bind them For three years forward Truthfully The duration Of how long I could bind them Did not come up When I spoke to them And I hesitate To speak beyond the scope So you can't assure us That they wouldn't change Back to the old policy In three years Three years No I do not believe They will But I truthfully Can you keep going You couldn't confirm Two years One year I cannot do that See this is the difficulty For us And I saw some puzzlement When I mentioned Alaska Which I know wasn't In the briefs It's 17F4 1224 1229 At note 5 We distinguish Notice and comment rulemaking Which you know For example If this policy Had been changed Notice and comment rulemaking Technically it would be Changeable But there is a lot of You know Friction to doing that Whereas We mentioned that actions That can be reversed At the stroke of a pen Or otherwise face Minimal hurdles To reinforcement Can thwart mootness And that's That's the situation That I'm concerned with I don't see another case Where there isn't Confirmation in the record That the agency believes That the prior policy Was unlawful And you know There's no notice   Just the government Saying hey You know We changed So that's That's the difficulty In terms of finding This policy And that's The difficulty In terms of finding This policy Challenge actually To be moot I hear you your honor And there is nothing In the record That says that I guess what I would say Is that Given that the parties Agree that the policy Is moot I would submit That the appellants Have not raised this issue On appeal It is waived And it's not properly Before this court That I mean it's It's a tough question Whether because it goes To subject matter jurisdiction Is it waived I guess you could waive An assertion Of jurisdiction In a way that you can't Waive A Agreement to jurisdiction In other words He can say We don't want to assert Jurisdiction the court Might have As opposed to saying Waiving You know We're enjoying jurisdiction And you're waiving A challenge to it So I appreciate that I didn't quite mean That jurisdiction is waived What I meant is The claim The rule 23b2 You said that much more Succinctly than I did So what about Mr. Cleveland's Contention You know We've had The district court Has been burdened With numerous Claims Where individuals Have had to file In order to get Segregable material And they're continuing To have to file In some cases Since the Quiet change in policy And that's another thing Frankly that That is disturbing here Is that the government Apparently changed the policy And didn't even mention it In its litigation So the commitment To the change You know That's another Question mark Over the degree Of the department's Commitment to the change So there are all These different cases Individual cases And Mr. Cleveland says Look You have a change In policy The new policy Would have entitled people During the class period To have a segregability Analysis Right And I understand That all the different Formal challenges And difficulties With his position But just as a matter Of good agency practice Isn't it the case That those people Were unlawfully denied Within the limitations period Their entitlement To a segregability analysis On their On their assessments To refer It is the case That while the old policy Was in effect USCIS Did not consider Whether portions Of their assessments Were segregable While we do not Take the position That was unlawful If this court Were to believe That were unlawful Then that would have Been unlawful It is We don't dispute That no segregability Analysis Was performed Under the prior policy As those You don't what You don't dispute That no Analysis Analysis And so that So the difficulty Is that with this Population Where it's A burden And difficult for them To file A FOIA request The department's Position is Go ahead and file A new one Because now we've Changed our policy And I take Mr. Cleveland's Position to be That they shouldn't Have to do that Because they've Already gotten A no There's no way It's going to occur To them That this policy Has changed Which was not even Made public For the first two years After it was changed They're not going To do that So they're going To be deprived Of an entitlement What's your What's your response To that? Two things First I don't think Anyone disputes Right now That the fact Of the change In policy Is public It is If nothing else It is public Through this litigation This is not anything DHS is trying To keep secret Beyond that I question Whether it's really Completely accurate To say That this Class of would-be Plaintiffs Is Too Uninformed To file A new FOIA request For two reasons One These are people Who have already Filed a FOIA request Which takes Some degree Of sophistication And gotten The no answer And have every reason To believe That the book Is closed on that And there are Organizations like Catholic Charities Which actually were What was a party In the district court That can help them File a new FOIA request Is there anything On your website That announces This policy On the assumption That maybe people Who are In this country Trying to obtain Asylum Are not following Particularized cases In litigation And the filings They're in No? I do not know If it is on the website Your honor If your honor would like Then I can file A notice With the court Informing it And talking with DHS About whether that's something We should put on the website Yes That would be good And there's been no Well I was just going to ask About settlement discussions But obviously I shouldn't be asking About that I would just note That in Larson Versus the Navy No I'm sorry Not Larson Wilson Which is a sixth circuit case Wilson versus Gordon The government In that Not a FOIA case Offered Not only To process Name plaintiffs claims That had been Denied under A challenge policy But also claims Of a hundred other Individuals Who had been Denied under policy Just I mean That was just A settlement Proposal But it was In recognition That the Policy The erroneous policy That had been in place Had affected more Than just The putative Name plaintiffs And that was a That was a resolution That recognizes Something that I don't See the department Recognizing here The harm from Its prior policy Your Honor I hear what you're Saying there One I guess Challenge That that sort of Action Would Would present In this case Is that If it were Hundred Requesters That would be One thing Here we're Talking about More or less 95% Of all All Part Two million Boy requests That USCIS Has received Since 2009 So 95% Of them Are for Assessments to Refer And their Asylum Claimants No 95% Roughly 95% Of Boy requests That USCIS Receives Are for Individuals Immigration Records Now that is Not always Specifically for An assessment Oftentimes It is for A voluminous Set of records Such as Someone's Entire A file Or for A substantial Portion of Someone's A file But a set Of records That could Likely in Many cases Would Include An assessment What What about Asylum Applicants How big of A chunk Is that I cannot Answer that Question Is that something You can Word search For I know you Mentioned In your Brief The Primitive State Of The Electronic Database In the Agency Pardon I said Primitive Is a Good word For  Not A  Assessment I Was Under Closed Potentially Very Under Closed I Was Trying To Understand The Argument The District Court Accepted That Is That You Have To Go Through The Assessments Even Then You Can't Quickly Lop Off The Factual Section As Opposed To The Analytical Section I Was Trying To Figure Out Sometimes It Is Difficult To Figure  The Factual Section As Opposed To The  Section As Opposed To The Factual Section As Opposed To The Analytical Section As Opposed To The        Moot Section As Opposed To The Analytical Section As Opposed To The Analytical Section As Opposed To The Moot Section As Opposed To The Analytical Section As Opposed To The Analytical Section As Opposed   Analytical Section As Op exposed Exposed Temples As Opposed To The Analytical Section As Opposed To Moot Section As Opposed To The Analytical    To  Analogical Section    The Analytical Section Assimilation Reconstruction Shopping Shopping Supply System Supply Supply Supply Supply Supply System Supply Supply System Supply      Section Acceleration 再 Action Action Subprime 角 The Analytical Section The Analogical Section Section . We , we , We   , we , we , we , we have . . . We , we , we . We have  We have   those . Out of that . Out of that . In on that research . They  responsible for the claim. If you assume it's timely then the plaintiffs were not members of the class they sought to certify at the moment in time that it matters. You have one case. What is the case for that mattering? It is Falcon, Rodriguez and Hartman. In Falcone it was a representative problem because the claim never was parallel. We have several cases where the claim was really on all fours with the class claim and it was allowed to go forward. I'm thinking about the case that Mr. Cleveland mentioned. I'm thinking about the I think it was the I'm mixing up my cases and my class cases. There are several cases where we said somebody because of the error of the district court and not certifying  class. It would have been certified. We can relate it back. The IDEA case. The standard here, the rule as I understand it is that if the district court erroneously denies class certification and then after that a named plaintiff ceases to be a class member then you're correct. That can relate back to before the denial. That involves a situation where the named plaintiff ceases to be a class member after the district court grants or denies rules on class certification. Here you have a situation where the named plaintiff ceased to be a class member after the district court granted rules on class certification. The district court did not rule on class certification back in the early written order before. There were other named plaintiffs whose claims were responded to by DHS after that. There are some named plaintiffs with respect to the representativeness determination. I'm glad you brought that up. The other new plaintiffs that Mr. Cleveland referred to were not plaintiffs. They were never added to the case. I thought the district court granted that. Not quite. What the district court did was the plaintiffs moved to add 57 new plaintiffs. The district court granted and denied that motion in part. It granted leave to file a motion. It denied the motion in all other aspects. Rather than sort it out for itself, it invited plaintiffs to file an amended motion for leave and then ordered the government to respond to that. The district court never granted leave to file that amended motion. The plaintiffs never were plaintiffs in the district court. The plaintiffs have complained that the government is picking off plaintiffs as fast as they can. There are doctrines by which the defendant is picking off either named or would be proposed named plaintiffs even before class certification does not create a problem. Let's assume not voluntary cessation so the merits aren't   class certification. We have a case law that says that cannot count for disqualifying named plaintiffs from pursuing a class action. You did not address that issue. I didn't see it at all in your argument. Your argument that you have to have plaintiffs that are members of the class and pick off is an exception to that. They raised you didn't address. The pick off doctrine is a mutinous doctrine. We are talking about picking off doctrine in the rule 23 context. Even putting that aside, let's assume for the sake of argument. If there are cases that have allowed classes to proceed in the face of picking off, under rule 23, you have waived any argument against that. I'm looking at your brief and I don't see an argument. I'm asking you whether you waived that argument. We waived any argument as to the pick off exception that you didn't respond to. We waived any argument concerning the pick off doctrine in the mootness context. We don't believe the plaintiffs raised such an argument. Aren't they overlapping? Isn't the non- represent  of the plaintiffs limited to the fact that they have received responses and the absent class members haven't? So the non- represent tiveness that the district court pointed to was mootness. There's nothing Falcone like about their non- represent tiveness. It's just that they got picked off. It really is a mootness point. It's similar to a mootness point. There's a similarity between the requirement of rule 23 that you be a member of the class and the mootness requirement. That's the only non- represent tiveness. The way that plaintiffs themselves chose to define the class is a class of persons who requested their assessments but received no portion of it. Why isn't D.L. versus District of Columbia authority for this idea that a claim of a named plaintiff that becomes moot can relate back to the time of the complaint filing and therefore retain the represent tiveness that rule 23 requires. Our position is not a mootness. It's rule 23. We'd argue that D.L. is an  moment in time. Moving past that, we would go back to the idea that the key moment in time is the moment when the District Court rules on class certification. I can't remember the precise facts of D.L. on my head but here the plaintiffs ceased to be members of the District Court. So why doesn't the government raise a more robust mootness claim here? What type of addressability can this court offer these plaintiffs after DHS has changed its policy? Our position is that the named plaintiffs claims, not any more moot. Yes, their claims are moot but our understanding is that if a named plaintiff's claims become moot after the District Court rules on class certification, they may nonetheless serve as class representatives. So that's why we haven't raised this mootness argument. Because while their claims are moot, that alone does not preclude them from serving as class representatives. What does preclude them from serving as class representatives is that they're no longer members of the class they seek to certify and they weren't even before the District Court ruled on. They filed a lot of amended complaints adding new people but the District Court never accepted any of those other complaints. The second amended complaint is the last one. Any further questions? Thank you very much for your patience with us. Mr. Cleveland will give you two minutes. I think he's the important person in this case. He enters the picture in 2018, appendix 1441, the motion to add plaintiffs. October 2020 the court made a ruling, and he promptly filed a motion in 1764. He's very much in the picture. He forfeited nothing. In D.L. versus D.C. it was a case of kids unfairly treated. Ten years later, the case is still  D.C. circuit. There's still a large group of kids unfairly treated. I believe there are 15 assessments in the record. It's easy to read it and start off with the facts all the same. It was hit on the head because blah, blah, blah. Very easy to segregate. In 2018, the judge said the portions are easily segregated. I             unfairly treated. In 2019, the judge said the portions are easily segregated. In 2019, the judge said the portions
judges: Millett, Pillard, Rao